# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

LEONARD J. MAZON and
LAWANNA MAZON,

**Debtors.**

**Bankruptcy Case
No. 05-42215**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Jay D. Sudweeks, Twin Falls, Idaho, Attorney for Debtors.

      William R. Hollifield, Twin Falls, Idaho, Attorney for Trustee.

      L. D. Fitzgerald, Pocatello, Idaho, Chapter 13 Trustee.

      Gary Rainsdon, Twin Falls, Idaho, Chapter 7 Trustee.

      The chapter 7 Trustee Gary Rainsdon and his attorney, William Hollifield, both filed motions for allowance of administrative expenses and costs after Debtors Leonard and LaWanna Mazon converted this case to a chapter 13 case. Docket Nos. 53; 55. No formal objections to the motions were filed, but at a hearing on October 2, 2006, Debtors and the chapter 13 trustee, L.D. Fitzgerald, orally expressed concerns about allowing the amounts sought by Mr. Rainsdon

MEMORANDUM OF DECISION - 1

and Mr. Hollifield. The motions were taken under advisement, and the following constitutes the Court's findings, conclusions and disposition of the issues. Fed. R. Bankr. P. 7052; 9014.[1]

## Background

Debtors filed for chapter 7 relief on September 20, 2005. Docket No. 1. Gary Rainsdon was appointed to serve as trustee.

Mr. Rainsdon identified what he believed were potential assets of the bankruptcy estate that could be liquidated for the benefit of creditors. With the approval of the Court, he employed Mr. Hollifield to assist him in recovery of these assets. Docket Nos. 14, 20. To this end, he recovered $1,778 in allegedly preferential transfers that had been made by Debtors to creditors. Additionally, Mr. Rainsdon discovered what he felt were fraudulent transfers that had been made by Debtors. In particular, within one year prior to filing for bankruptcy, Debtors had:

(1) sold a 1987 Tioga Fleetwood motor home, which Mr. Rainsdon believed to be worth approximately $4,800, to Mr. Mazon's brother-in-law for $1,500;

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 2

(2) transferred, for presumably inadequate consideration, a 1999 Dodge pickup which Mr. Rainsdon believed to be worth over $4,000 to the same brother-in-law (via his girlfriend); and

(3) assigned what Mr. Rainsdon believed to be a $5,000 time-share in a Hawaiian property to Debtors' nephew for $10.00.

Finally, prior to conversion, Mr. Rainsdon also objected to Debtors' claim of a homestead exemption. The parties had tentatively settled the exemption matter prior to the scheduled evidentiary hearing, but they were unsuccessful in resolving all the details of the deal, and so the hearing was reset.

Prior to resolution of these issues, on May 5, 2006, Debtors converted their chapter 7 case to a case under chapter 13, Docket No. 26–27, and Mr. Fitzgerald was appointed to serve as trustee. Through their motions, Mr. Rainsdon and Mr. Hollifield request compensation for the services they rendered, and reimbursement of the costs they incurred, in the chapter 7 case prior to conversion.

Mr. Rainsdon seeks compensation for the 25.75 hours of services at the rate of $100.00 per hour, together with $132.78 in costs, for a total of $2,690.28. Ex. A, Docket No. 53.

Mr. Hollifield seeks compensation in the amount of $2,746.50 and $50.00 in costs, for a total of $2,796.50. The compensation was computed at

MEMORANDUM OF DECISION - 3

$125.00 per hour for Mr. Hollifield's services, and $60.00 per hour for his paralegal. Combined, they worked a total of 26.60 hours. Ex. A. Docket No. 55.

Debtors do not object to Mr. Rainsdon or Mr. Hollifield retaining some of the funds recovered to compensate them for the work they performed. Debtors, however, contend that the true measure of any benefit to the bankruptcy estate resulting from the efforts of the chapter 7 trustee and his counsel was the preference recovery of $1,778. Without offering any authority for their position, Debtors contend that any fees to be paid to the chapter 7 trustee and his lawyer must be limited to this amount.

Mr. Fitzgerald notes that Mr. Rainsdon uncovered assets that may have otherwise not been discovered in the chapter 13 case. As a result, the value of those assets must be reflected in payments to be made to creditors under Debtors' proposed plan, and thus those creditors benefitted from the chapter 7 trustee's diligence. But while he does not object to payment to Mr. Rainsdon and Mr. Hollifield of some compensation in this case, he is uncomfortable with the amounts of compensation they have each requested. It is his position that the Court should evaluate the time spent and the rate proposed in the applications for reasonableness, taking into account that many of the tasks Mr. Rainsdon performed are required in any chapter 7 case.

**Disposition**

MEMORANDUM OF DECISION - 4

While all agree the former chapter 7 trustee and his attorney should be paid something, the issue presented to the Court concerns the amount of compensation that should be allowed as administrative expenses for their services provided prior to conversion. Whatever amount allowed by the Court must be paid in full under Debtors' proposed chapter 13 plan in order for that plan to be confirmed.[2] The fee requests will be reviewed separately.

**A. Mr. Rainsdon's Compensation.**

Compensation for chapter 7 trustees is governed by § 326 and § 330. *See In re Andona*, 00.2 I.B.C.R. 105, 105 (Bankr. D. Idaho 2000). Section 330(a) provides:

> After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee . . . (A) reasonable compensation for actual, necessary services rendered by the trustee . . .; and (B) reimbursement for actual, necessary expenses.

However, in § 326, a trustee's compensation is capped:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 . . . for the trustee's services, payable after the trustee renders

---

[2] Under § 1322(a)(2), a chapter 13 plan must provide for full payment, in deferred cash payments, of all claims entitled to priority under § 507. Expenses allowed by the Court for the administration of a bankruptcy case under § 503(b) are afforded priority under § 507(a)(1). Compensation awarded by the Court to a chapter 7 trustee and the attorney for the trustee under § 330(a) constitute administrative expenses under § 503(b)(2).

MEMORANDUM OF DECISION - 5

> such services, *not to exceed* 25 percent of the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, *upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims*.

(Emphasis added).

These two Code provisions operate independently. *Andona*, 00.2 I.B.C.R. at 105 (citing *Gill v. Wittenburg* (*In re Financial Corp. of Am.*), 114 B.R. 221, 223–24 (9th Cir. BAP 1990), *aff'd*, 946 F.2d 689 (9th Cir. 1991)). "The legislative history to Section 326 reflects that Section 330 'authorizes and fixes the standard of compensation' to which the restrictions of Section 326(a) are 'to be applied as outer limits of such compensation.'" *Andona*, 00.2 I.B.C.R. at 105 (citing H. Rep. No 95-595, 95th Cong., 1st Sess. (1977) 327, 328). Although § 326(a) suggests that a trustee who "disburses" no funds is not eligible for compensation, "[t]he courts, however, have refused to impose such a harsh result, and have awarded trustees compensation on a *quantum meruit* basis when the trustee performs substantial beneficial services in a case, but did not disburse any moneys." *Id.* (citations omitted). Therefore, contrary to the position taken by Debtors in this case, a chapter 7 trustee who provides actual, reasonable and necessary services is entitled to compensation under § 330(a), and is not limited

MEMORANDUM OF DECISION - 6

by the § 326(a) cap to amounts turned over to the chapter 13 trustee. *Id.* at 106 (citing cases).

In this case, Mr. Rainsdon points to the assets he and his attorney collectively uncovered and sought to recover for potential liquidation for the benefit of the creditors.[3] He asks the Court to consider the value of those assets in calculating their respective compensation.

Section 330(a)(3) provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including– (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

---

[3] Mr. Rainsdon asserts that had he prevailed with his objection to Debtors' homestead exemption and recovered the assets identified as fraudulent transfers, the estate would have totaled approximately $20,000. In applying the limitation on compensation set forth in § 326(a), the maximum compensation would have been $2,750. (25% of the first $5,000 = $1,250, and 10% of the remaining $15,000 = $1,500).

MEMORANDUM OF DECISION - 7

The Court has reviewed Mr. Rainsdon's time entries, and concludes that all the services described therein were actual, necessary and potentially beneficial to the creditors and the bankruptcy estate. Contrary to the suggestion of the chapter 13 trustee, it is of no significance that some services were "routine," in that they are of a type required to be performed in most chapter 7 cases. Those routine services were actually performed, and necessary in the discharge of Mr. Rainsdon's duties. Finally, the amount of time spent, 25.75 hours, is consistent with the services described in the time narratives. There is no indication that Mr. Rainsdon spent inordinate amounts of time performing any particular task.

In *Adona*, the Court awarded a chapter 7 trustee, in similar circumstances, compensation at the rate of $75 per hour. That was six years ago, and the cost (and value) of comparable services has necessarily increased. The Court concludes, based upon its familiarity with the rates charged by bankruptcy professionals, that $90 per hour is now a reasonable rate. Accordingly, Mr. Rainsdon will be awarded $2,317.50 for compensation.

There is no objection to Mr. Rainsdon's request for reimbursement of expenses. They consist of postage, copy costs, and modest travel expenses. They will be allowed as requested in the amount of $132.78.

**B. Mr. Hollifield's Compensation.**

MEMORANDUM OF DECISION - 8

"[T]he trustee, with the court's approval, may employ one or more attorneys, . . . that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). Section 330(a)(1) "authorizes 'reasonable compensation for actual, necessary services rendered' by a professional." *Ferrette & Slater v. United States Trustee* (*In re Garcia*), 335 B.R. 717, 724 (9th Cir. BAP 2005). An estate professional is also entitled to reimbursement for actual, necessary expenses as well. *Id.* at 723. When determining whether the services were actual and necessary, "a professional need demonstrate only that the services were reasonably likely to benefit the estate at the time rendered." *Id.* at 724. In determining the amount of compensation, the Court must consider the factors set forth in § 330(a)(3)(A)–(E). *Id.* at 723–24.

Mr. Hollifield seeks compensation at the hourly rate of $125.00. Given the Court's extensive experience with the hourly rates commonly charged by bankruptcy attorneys in cases in this District, the Court concludes the hourly rate sought in this instance is reasonable.

Reviewing the time records submitted by Mr. Hollifield, 26.6 hours also appears to be a reasonable amount of time considering the services performed. And given the potential value of the assets the chapter 7 trustee was attempting to recover, and the potential distribution to creditors resulting from

MEMORANDUM OF DECISION - 9

disallowance of Debtors' homestead exemption, the Court concludes it has been shown that the attorneys' services were reasonably likely to benefit the bankruptcy estate. The impact of that benefit will survive conversion since the existence of these assets must be reflected in any plan offered by Debtors for confirmation, and thus the benefit extended to the chapter 13 estate. Therefore, the Court concludes Mr. Hollifield should be awarded the amount of fees requested in his application.

Additionally, Mr. Hollifield's request for reimbursement for costs of $50.00, the amount required to obtain a copy of a Custer County court file regarding a lawsuit against Debtors, is also proper.

The Court concludes Mr. Hollifield is entitled to compensation in the amount of $2,746.50, together with costs of $50.00 for a total award of $2,796.50.

### Conclusion

Mr. Rainsdon is entitled to an award of compensation for services rendered as the chapter 7 trustee prior to conversion of the case, in the sum of $2,317.50, together with $132.78 for expenses. The total award will be $2,450.28.

Mr. Hollifield, as the chapter 7 trustee's attorney, is entitled to an award of fees in the sum of $2,746.50 and costs of $50.00 for a total of $2,796.50.

MEMORANDUM OF DECISION - 10

A separate order will be entered.

Dated: October 30, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 11